Curia, per Earue, J.
The plaintiff a free colored woman, brought trover for negroes, under the act of 1827; and, on the affidavit of a third person, procured an order from the clerk, requiring the defendant to enter into bond with security, according to the provisions of the act. This was set aside by his honor, -Mr. Justice Bay, at chambers, and the plaintiff moves to reverse the decision.
It would be a very harsh construction of the act of 1827, which was intended to provide so ample a remedy, for a mischief so severely and extensively felt, if we should hold that no affidavit shall be sufficient to authorise the order for security that is not made by the plaintiff himself; a construction so literal and strict does not conform to the rules by which remedial statutes are usually interpreted; nor does it derive any countenance from precedent or analogy. I apprehend no instance can be cited, (certainly none was cited,) at the bar, when the affidavit of a party *231 is required, that the affidavit of a third person will not be equally competent, if the fact be of such a nature that a third person can be supposed to know it, so as to depose with sufficient certainty. The case of bail, in civil actions generally, is entirely analogous; and no sensible reason can be imagined why the affidavit of a third- person shall be sufficient in ordinary bail, that will not equally apply to the security required in trover by the act of 1827. Bail, in trover, might have been ordered before, under the act of 1769, on the affidavit of a third person, that the chattel sued for belonged to the plaintiff, and had been converted by the defendant; and it would be very strange if the legislature could have intended to impose harder terms on the plaintiff, for the purpose of securing the production of the chattel, than would be required to secure the body of the defendant, to satisfy the judgment. The language of the act, it is true, is “ upon affidavit made by any plaintiff.” But the supposed disability of the plaintiff herself to make an affidavit, puts her in no worse condition than that of any other plaintiff would be, on the construction claimed by the defendant, who should happen to be absent from the country, or who might not be sufficiently informed, either of his title or of the conversion, to make the affidavit himself. All such plaintiffs would be excluded from the benefits of the act, which would thus fail to provide a remedy co-extensive with the mischief. The rule of court requires the affidavit of a party who moves to continue a cause; yet it is every day’s practice to admit, for the purpose, of the affidavit of third persons. The argument that the plaintiff cannot delegate authority to an agent, to do that which she cannot do herself, is merely specious. If not a case of agency, the oath is not taken by virtue of a power of attorney. If this were true, the attorney might lawfully do whatever the plaintiff could do, and a plaintiff might appoint a free negro, a felon or convict, to make an affidavit for him. The person making the affidavit swears from his own knowledge, and not from the information of the plaintiff. It would be gross injustice to allow a free person of color to bring an action, and withhold the means of making it effectual. The judgment of his honor, Mr. Justice Bay, vacating the order for security granted by the clerk, on *232 issuing the writ, is set aside, and the said order returned to its original effect.
King and Walker, for the defendant.
Simons, for the plaintiff.
Gantt, O’Neall, Evans, Richardson, and Butler, Justices, concurred.